**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LAWRENCE MILLS

    Petitioner,

v.                                            CASE NO. 8:16-cv-892-T-24TGW
                                                            8:05-cr-400-T-24TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

      Petitioner Lawrence Mills filed a pro-se Motion to Vacate pursuant to 28 U.S.C. § 2255 on April 8, 2016. On June 1, 2016, the Court entered a scheduling Order. On June 14, 2016, the Court granted Petitioner's motion to appoint counsel and appointed the Federal Public Defender's Office to represent Petitioner. The United States filed a response in opposition to the § 2255 motion on July 15, 2016. On August 9, 2016, Petitioner filed an unopposed motion to extend time to file a reply to the Government's response, which the Court granted, extending the time to reply to September 9, 2016. To date, Petitioner has not filed a reply to the Government's response. After due consideration, the Court finds Petitioner's motion should be dismissed.

      Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e) (count one). The Court sentenced Petitioner as an armed

career criminal under the ACCA to a term of imprisonment of 188 months on January 31, 2006. Petitioner's prior violent felonies were two aggravated assaults in violation of Florida Statute § 784.021 and one aggravated battery in violation of Florida Statute § 784.045. Petitioner did not file a direct appeal.

Petitioner submitted his pro-se § 2255 motion for filing on April 8, 2016. The motion contains one ground for relief: he contends that his sentence under § 924(e) is illegal as he does not have the necessary predicate convictions under <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), and <u>Descamps v. United States</u>, 13 S.Ct. 2276 (2013), to trigger a § 924(e) sentence.  Petitioner's claim for relief rests on the decision in <u>Johnson</u>, in which the Supreme Court held that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, a decision that was made retroactive on collateral review by the Supreme Court in <u>Welch v. United States</u>, 136 S.Ct. 1257 (2016). However, Petitioner's motion is untimely in that his conviction has been final for more than one year, and he cannot satisfy the exception to the one year statute of limitations under 28 U.S.C. § 2255(f)(3).

Florida's aggravated assault statute, § 784.021, still qualifies as a violent felony under the ACCA's elements clause, 18 U.S.C. § 924(e)(2)(B)(i), in that it has an element of use, attempted use, or threatened use of physical force against the person of another. "Therefore, a conviction under section 784.021 will always include 'as an element the . . . threatened use of physical force against the person of another' . . . and [such a] conviction for aggravated assault thus qualifies as a violent felony for purposes of the ACCA."

Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1338 (11th Cir. 2013), abrogated on other grounds by Johnson, 135 S.Ct. at 1599. Florida's aggravated battery statute, § 784.045, also has as an element of use, attempted use, or threatened use physical force against the person of another and constitutes a violent felony under the elements clause, § 924(e)(2)(B)(i) rather than the residual clause in § 924(e)(2)(B)(ii). United States v. Tinker, 618 Fed. App'x 635, 637 (11th Cir. 2015).

Petitioner's motion is untimely under U.S.C. §2255(f)'s one year period of limitation. He filed his motion on April 8, 2016, and he was sentenced on January 3, 2006. Therefore, the motion is untimely under § 2255(f)(1). Johnson provides Petitioner no relief under § 2255(f)(3). His motion is due to be dismissed.

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that:

(1) Petitioner's Motion to Vacate (CV-Doc. 1; CR-Doc. 19) is **DISMISSED**.

(2) The Clerk is directed to enter judgment for the United States in the civil case and then **to CLOSE** the civil case.

**DONE AND ORDERED** at Tampa, Florida, on October 24, 2016.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record