# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LAWRENCE MILLS

      Petitioner,

v.                                        CASE NO.  8:16-cv-892-T-24TGW
                                                        8:05-cr-400-T-24TGW

UNITED STATES OF AMERICA,

      Respondent.

_____/

## <u>ORDER</u>

Petitioner Lawrence Mills files an Unopposed Motion to reinstate his 28 U.S.C. § 2255 motion in order to allow him to file a reply to the Government's response. The United States filed a response in opposition to the § 2255 motion on July 15, 2016. On August 9, 2016, Petitioner filed an unopposed motion to extend time to file a reply to the Government's response, which the Court granted, extending the time to reply to September 9, 2016. Petitioner did not file a reply to the Government's response, and on October 24, the Court dismissed Petitioner's motion. Petitioner states the reply deadline was inadvertently not calendared and later missed. The motion is granted for the limited purpose of allowing Petitioner to file his reply.

The reply, which the Court has read and considered, does not change the Court's previous determination that Petitioner's motion should be dismissed. Florida's aggravated

assault statute, § 784.021, still qualifies as a violent felony under the ACCA's elements clause, 18 U.S.C. § 924(e)(2)(B)(i), in that it has an element of use, attempted use, or threatened use of physical force against the person of another. "Therefore, a conviction under section 784.021 will always include 'as an element the . . . threatened use of physical force against the person of another' . . . and [such a] conviction for aggravated assault thus qualifies as a violent felony for purposes of the ACCA." <u>Turner v. Warden Coleman FCI (Medium)</u>, 709 F.3d 1328, 1338 (11th Cir. 2013), abrogated on other grounds by <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015).  Florida's aggravated battery statute, § 784.045,  also has as an element of use, attempted use, or threatened use physical force against the person of another and constitutes a violent felony under the elements clause in § 924(e)(2)(B)(i) rather than the residual clause in § 924(e)(2)(B)(ii). <u>United States v. Tinker</u>, 618 Fed. App'x 635, 637 (11th Cir. 2015).

Petitioner's motion is untimely under U.S.C. §2255(f)'s one year period of limitation. He filed his motion on April 8, 2016, and he was sentenced on January 3, 2006. Therefore, the motion is untimely under § 2255(f)(1).  <u>Johnson</u>  provides Petitioner no relief under § 2255(f)(3).  The reply does not alter the Court's previous determination that his motion is due to be dismissed.

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that Petitioner's Motion to Reinstate 28 U.S.C. § 2255 Motion for the limited purpose of allowing him to file a reply is granted.

**DONE AND ORDERED** at Tampa, Florida, on November 1, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record